# Richmond.

## BERNARD v. R., F. & P. RAILROAD COMPANY.

### February 21st, 1889.

1. RAILROADS—*Fires—Negligence—Burden of proof.*—Railroad company, having the right to run its engines, propelled by steam, generated by fire, on its railroad track, is not liable for damages accruing in the exercise of its legal rights, unless such damages are caused by the company's negligence, the burden of proving the negligence being on the plaintiff.

2. IDEM—*Case at bar.*—In action against railroad company for damages by fire, experts testified that the engine was new, of the best make, and with the best appliances, and the spark-arrester the best in use. It was also proved that there were no combustible substances on the right of way, and that the fire did not start thereon, but on adjoining land ;

HELD :
    Plaintiff was not entitled to recover.

3. COMMON LAW PRACTICE—*Instructions.*—Where verdict could not have been different had the instructions that were refused been given, a new trial will be denied.

Error to judgment of circuit court of Fredericksburg, rendered at its November term, 1886, in an action at law wherein A. H. H. Bernard was plaintiff, and the Richmond, Fredericksburg and Potomac Railroad Company was defendant. The verdict being for the defendant, plaintiff moved to set it aside as against the law and the evidence. This motion being overruled, the plaintiff excepted ; and the evidence being certified, the plaintiff brought the case here by writ of error. Opinion states the case.

*J. G. Mason,* for plaintiff in error.

*Marye & Fitzhugh,* for defendant in error.

Fauntleroy, J., delivered the opinion of the court.

On the 22d day of April, 1885, during a severe drought
which had long prevailed, the woods of the plaintiff, Bernard,
were set on fire by reason, as alleged, of sparks escaping from
an engine of a passing train over the road of defendant com-
pany, and they were, thereby, greatly injured. The plaintiff,
to recover damages for the injury thus done, brought this action
of trespass on the case. The defendant's plea was not guilty.
After all the evidence of the plaintiff and the defendant had
been given to the jury, the plaintiff offered a series of instruc-
tions, and the defendant also offered certain instructions; but
the court refused to give the instructions prayed for by both the
plaintiff and the defendant; and gave, in lieu thereof, instruc-
tions of its own. Whereupon the plaintiff excepted to the
action of the court in refusing to give the instructions asked for
by him, and in giving the instructions which the court did give
of its own.

Upon the trial of the case, the jury, having fully heard the
evidence and the instructions given by the court, returned a ver-
dict for the defendant; upon which the court entered up judg-
ment, after refusing the motion of the plaintiff to set the verdict
aside and grant a new trial, on the ground that the verdict was
against the evidence.

It is not necessary to recite here and pass upon the instruc-
tions which were refused by the court, nor those which were
given by the court; because, from the evidence certified in this
record, even that of the exceptor's own witnesses, if, under the rule
of this court, it could be considered, the verdict, as said by Lewis,
P., in delivering the opinion of this court in the case of *Balti-
more & Ohio R. R. Company* v. *McKenzie*, 81 Va. (6 Hansbrough)
"independent of this (the) instruction, could not properly have
been otherwise than for the defendant in this case, and the
plaintiff, therefore, in any view, has not been prejudiced."
Citing, *Danville Bank* v. *Waddill*, 27 Gratt. 448; *Snouffer's*

*Adm'r* v. *Hansbrough,* 79 Va. (4 Hansbrough) 166; *Chicago, Milwaukee & St. Paul R. R. Co.* v. *Ross,* 112 U. S. 377.

In the case of *Payne* v. *Grant,* 81 Va. (6 Hansbrough) 164, Hinton, J., delivering the opinion of this court, says : " But we may also add that if there were any error in the giving, or refusal to give, the instructions referred to in certain of these bills of exceptions, or in the admission or refusal to admit certain evidence mentioned in the other bills of exceptions, that as the verdict is manifestly right, the defendant could not have been prejudiced thereby; and therefore, such error, if any was committed, can afford no ground for a reversal of the judgment complained of." (Citing, *Brighthope Railway Co.* v. *Rogers,* 76 Va. 443; *Danville Bank* v. *Waddill,* 27 Gratt. 448; *Harman* v. *City of Lynchburg,* 33 Gratt. 43; *Kincheloe* v. *Tracewells,* 11 Gratt. 589; *Colvin* v. *Menifee,* 33 Gratt. 87.)

The evidence in the record, as set forth in the second bill of exceptions, not only fails utterly to prove negligence upon the defendant company, but it positively disproves the charge ; and the only witnesses of the plaintiff who witnessed the occurrence of the fire, and who testified as to the place or exact beginning of the ignition, are not in conflict with the testimony of defendant, which proves, distinctly and explicity, that the fire did not catch or start upon the company's right of way ; but, positively, that it began upon the lands adjoining, of Mr. Pratt, in a bunch or cluster of cedar bushes ; and these said two eyesight witnesses of the plaintiff concur in this fact.

Major E. D. T. Myers testified that he was on the 22d of April, 1885, and still is the general superintendent of the defendant company's road and management; that the engine was a new engine, built but a few months before the fire by the Baldwin Locomotive Works of Philadelphia, the finest locomotive works in North America; that he is an expert, and thoroughly inspected the engine and every part of its equipment, with all the most modern and approved appliances in general use, and that everything was first-class and in perfect order; that he makes

it a special object of frequent and habitual inspection—trips over the road to see that the express and stringent rule of the company that its roadway shall be kept entirely free from any trash, grass, or other inflammable matter, is carried out; and that this rule of the company has been strictly enforced for the last five years, and that the roadway of the defendant company was clear and free from inflammable matter on the day the fire occurred. He testified that the spark-arrester upon the engine was of the best in use to prevent the escape of sparks, and was in perfect order; but that no spark-arrester has ever been invented which will or can entirely prevent the emission of sparks; and that, in his judgment, none can be which would not render the engine useless by stopping its draught.

Mr. Eubank testified that he had been the section-master of that portion of the road for seventeen years; that in thirty minutes after he saw the smoke of the fire he was on the spot with his gang of hands, and endeavored to arrest the fire, which, with a strong wind, had made considerable headway; that he made a careful examination to ascertain where the fire started, and found that it had not started on the company's right of way, which was entirely free from any inflammable matter, and that he was assured, with certainty, that the fire started outside of the right of way.

Mr. Mordecai testified that he is a farmer, living in Henrico county, and was occasionally employed by the company to investigate the origin and damages of fires along its line; that he was sent by Major Myers to the locality of this fire, and to examine and report whether the fire had started on the defendant company's right of way, which was forty feet each way from the centre of the track, and that he had no difficulty in ascertaining and in stating to the jury that the fire had started outside and beyond the company's right of way, and had burned back to and along its boundary some ten yards, and was stopped there by the total absence of inflammable matter on the right of way.

All the witnesses testified that there was prevailing a very

high wind, and Major Myers testified that, when the wind was blowing, sparks would fly a much greater distance than twenty or even sixty feet from the track.

Mr. Faulkner testified that he was engineer upon the engine No. 17 on the 22d of April, 1885; that he had been in the employ of the company for a number of years, and that he regarded himself as an expert and skilful engineer; that the engine and apparatus to prevent the escape of fire were, on the day and occasion of the fire, in good order, and that the engine was operated in a judicious manner.

Pierce on Railroads, page 431, says: "A railroad company, being authorized by law to work its engines in the usual and proper way, and when necessary in the exercise of rights, to send forth particles of fire from them, is not liable for injuries caused thereby to private property, provided it exercises its rights in a lawful manner, and with reasonable care and skill.  *   *   * As negligence is the gist of the action against the company for injuries received from it, while exercising its lawful right to conduct its trains, the burden of proof is on the plaintiff to prove the negligence.  The fact of injury suffered by the plaintiff in consequence of the exercise of a right by the defendant does not raise the presumption of negligence, except in some particular cases, as in actions against innkeepers and common carriers, which are made exceptions to the general rule on grounds of public policy.  Hence the setting on fire of grass, fences or building on the railroad by particles of fire, which are proved to have issued from the company's engines, does not of itself, justify the inference of negligence.  There are, however, authorities which hold, that the fact that the company caused the injury by fire, raises the presumption of its negligence; and that, upon this fact appearing, the burden of proof is on the company to disprove negligence, by showing that it used the best mechanical contrivances in known practical use to prevent the escape of fire from its engines, and that it managed such engines with due care and skill."

Mr. Redfield, in his work on the Law of Railways, Vol. I, p. 476, says: "But in this country, it must be confessed, the rule of the liability of railways for damage done by fire communicated by their engines is more favorable to the companies than in England. It seems to have been assumed in this country that, the business of railways being lawful, no presumption of negligence arises from the fact of fire being communicated by their engines." See *Norfolk & Western R. R. Co.* v. *Ferguson*, 79 Va. (4 Hansbrough) 248-9; *Sheelor's Administrator* v. *C. & O. R. R. Co.*, 81 Va. (6 Hansbrough) 199.

The defendant company had the right to run its engines, propelled by steam generated by fire, on its railway track; and it is not liable for damage that accrued in the exercise of its legal rights, unless such damage was caused by the negligence of the company.

In the case under review no such negligence is proved against the defendant company; but, on the contrary, it is fully disproved by the evidence certified.

We are of opinion to affirm the judgment complained of.

JUDGMENT AFFIRMED.