**Wytheville.**

CHESAPEAKE & OHIO RAILWAY CO. V. CLOWES.

JUNE 11, 1896.

Absent, Harrison, J.*

1. RAILROADS—*Passengers—Contributory Negligence—Passing from one Coach to another in search of a seat.*—A passenger on a railroad train, when he has paid his fare, is entitled to a seat, and not finding one in the coach which he enters, has the right, while the train is in motion, to pass from one coach to another in search of a seat, pro-- vided he does so cautiously and carefully.

2. RAILROADS—*Negligence—Rate of Speed.*—Mere rate of speed, though unusual, is not negligence *per se.* But, taken in connection with other circumstances, rate of speed may be dangerous, and a dan- gerous rate of speed is negligence. It is for the jury to say whether, under all the circumstances of the case, the act complained of was negligent.

Argued at Richmond.     Decided at Wytheville.

Error to a judgment of the Circuit Court of the city of Richmond, rendered June 9, 1894, in an action of trespass on the case wherein the defendant in error was the plain- tiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Henry T. Wickham* and *Henry Taylor, Jr.,* for the plaintiff in error.

*Judge Harrison was prevented from attending the session of the court at Wytheville by the accidental breaking of his leg before the court con- vened.

*Meredith & Cocke* and *J. H. Webb Peploe,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This is an action of trespass on the case brought in the Circuit Court of the City of Richmond by E. H. Clowes, against the Chesapeake and Ohio Railway Company. The declaration sets out that on the 21st of April, 1893, the plaintiff became a passenger upon the train of the defendant company from Richmond to Old Point; that it was an excursion train, and that upon the return trip they left Old Point in the evening of that day, and when within about 200 yards of Newport News, a station on said railway, and within the yard limits, there was a switch called a "Y," by which trains running from Old Point could be shifted or diverted, at the option of the defendant company, either to Richmond or Newport News; that, at or near this point in the track, the railroad was constructed in a severe and sharp curve, and that passing over this curve would be dangerous for trains moving at a greater rate of speed than seventeen miles per hour, and of which the defendant had notice. And the plaintiff further says that, having entered into one of the cars of said train, he endeavored to find a seat, but that the car was so crowded that he could not be accommodated, and thereupon he undertook to pass carefully and cautiously into another car, when the train, striking the curve just described, and moving at an improper and dangerous rate of speed, the plaintiff was, without fault on his part, thrown with great force and violence from the platform to the ground, and received the injuries for which he sues.

The second count of the declaration sets out substantially the same facts, and to this declaration and to each count there was a demurrer. The demurrer was overruled, and in this we do not think there was any error.

A passenger upon a railroad train, when he has paid his fare, is entitled to a seat, and has the right to pass through the train in search of one, provided he does so carefully and cautiously.

In *Jammison, &c.*, v. *C. & O. R'wy Co.*, 92 Va. 327, decided at the November term of this court, it is said: "Railroad companies owe a high degree of duty to their passengers. They must do all for their safety that human skill and foresight may suggest, and are responsible for any, even the slightest, neglect; but that the passenger may hold the company to this high degree of responsibility, it is incumbent upon him to occupy the position upon the train assigned to passengers, and if he voluntarily assumes a position of peril, and injury results from it, he cannot recover."

In that case the plaintiff was a woman, who, having been carried beyond the station at which she intended to get off, passed out upon the platform of a rapidly moving train, encumbered with bundles which incapacitated her for self-protection, and it was held that she was guilty of such contributory negligence as prevented her from recovering damages for the injuries which she sustained. But the case under consideration is altogether different. Here the plaintiff had not been assigned to a seat to which he was entitled, and we cannot say, as matter of law, that a passenger thus situated, who, with due care and caution, undertakes to pass from one car to another in search of a seat, and is thrown from the train, is guilty of such negligence as must defeat his action.

The case is stronger where the plaintiff acts under the advice or at the suggestion or invitation of the defendant or its agent, but this will not justify the plaintiff in taking an "unmistakably improper risk." 1 Shearman & Redfield on Neg. (4th Ed.) 691; Patterson on Railway Accident Law, p. 286.

"Passengers are not to be deemed guilty of negligence

for standing on the platform of cars in motion when there are no vacant seats for them within the cars." *Willis* v. *Long Island R. Co.*, 34 New York, 670. In that case the cars were crowded, and the plaintiff who had paid for a seat, being unable to procure one, was standing on the platform. He had been standing in the car, but stepped out on the platform to permit three ladies to pass who were also in search of seats. The track was in good order, but obstructed by two pieces of timber lying upon it. The train was running at a high rate of speed, and the court left it to the jury to say whether it was an "undue rate of speed"; and whether it was negligence in the defendant that the obstructions were upon the track, or the train so run as to be derailed by them. The judgment was for the plaintiff. It is a fact to be noted that in that case one ground of defence was that there were vacant seats in a rear car which the plaintiff should have sought and occupied.

In the case of *Werle's Adm'r* v. *The Long Island R. Co.*, 98 N. Y. 650, it is held that the "fact that a passenger failing to find a seat, and having none pointed out to him by any employee of the company, takes a position on the platform of a car where other passengers are riding; and without objection from any employee, and is thrown from the car by a sudden lurch given it by the great and increased speed with which the train is run when turning a curve, does not as matter of law establish contributory negligence." The evidence tended to show an unusual and dangerous movement of the train, and the case decides that a passenger who purchases a ticket is entitled to a seat, and, if being unable to find one, he takes his position upon the platform, and is thrown from the train while passing around a curve at an unusual and dangerous rate of speed, he is entitled to recover damages for the injury.

There is nothing to the contrary of this in *Stewart* v. *Boston & Prov. R. Co.*, 146 Mass. 605, where it was held that, in

" going from one car to another of a rapidly moving train merely for his own convenience, the plaintiff took on himself the risk of all accidents not arising from any negligence of the defendant. Certainly, the accident must be attributable to some neglect of duty on the part of the defendant, or to the performance of its duty in a negligent manner, as a proximate cause of the injury, to entitle the plaintiff to recover."

Upon the trial of the case under investigation there was evidence that the plaintiff, upon taking the train at Old Point upon the return to Richmond, found the car so crowded that he was unable to procure a seat; that he sat upon the arm of a chair occupied by a lady of his party, and was in that position when the conductor came around collecting fares; that he complained to the conductor that he had been unable to find a seat, and the conductor said to him that he would find the forward car less crowded; that he surrendered his ticket to the conductor, and then undertook to pass into the forward car in search of a seat; that he was a young and active man accustomed to travel, and that he exercised proper caution in the effort to pass from one car to the other; that, while holding on to the railing with one hand, he put out the other to open the door of the car he was about to enter, when the train struck the curve upon the " Y," and lurched in so violent a manner as to throw him from the platform, whereby he received severe injuries.

There is the testimony of several witnesses that at the time of the accident there was a severe shock or jar felt, by which some of the passengers were greatly jostled and thrown about in their seats; but there is room for doubt whether it was caused by the train striking the curve, or by the sudden check in the movement of the train which resulted from the effect of the air-brakes which were applied as soon as the accident to the plaintiff was known.

Upon the part of the defendant there is evidence to show

that its equipment, engine, cars and roadbed, were in excellent order, and that the curve at which the accident occurred was constructed so that a speed of fifty miles per hour could safely be made over it.

When the evidence was all in, the court, at the request of the plaintiff, gave the jury certain instructions which need not be considered as there was no exception taken to them by the defendant.

The defendant asked the court for two instructions, which are as follows:

" The jury are instructed that they must find for the defendant unless they shall believe from the evidence that the defendant was guilty of negligence.

" If they so believe, they must find for the plaintiff, unless they shall further believe from the evidence that the plaintiff was guilty of contributory negligence on his part, and if they believe from the evidence that the plaintiff was guilty of contributory negligence they must find for the defendant.

"The jury are instructed that the defendant is not an insurer of the safety of its passengers, and if the jury shall believe from the evidence that the defendant had provided reasonable facilities for the transportation of such passengers as might reasonably be expected to apply to be carried from Old Point on the occasion in question, and that the cars were such as are in general use, and in good order and condition; that the track, switches, and frog at the point where the plaintiff was injured were in proper order and condition, and that the employees in charge of the train were experienced and competent men, and that the train in question was carried safely from Old Point to Richmond, no negligence can be imputed to the defendant in this case.

"If the jury believe from the evidence that while the train was in motion, the said plaintiff, for his own convenience, left the inside of the car in which he had been riding, and

went upon the platform for the purpose of riding there, or of passing into the next car in search of a seat, they are instructed that the plaintiff assumed all risk of falling or being thrown from the said train by reason of the motion or oscillation thereof whether caused by speed, curves, frogs, or switches, and they must find for the defendant.

"The court further instructs the jury that should they believe from the evidence that the conductor of the train in question took up the ticket of E. H. Clowes, and informed him that there were seats in the cars in front, yet this did not justify E. H. Clowes in leaving the inside of the car and going on the platform for the purpose of going into said forward cars while the train was in motion, and in so doing he took upon himself the risk of being thrown from the platform by the motion of the car in rounding the curve and going over the switch."

The court refused to grant these instructions, but in lieu thereof gave the following:

"The jury are instructed that they must find for the defendant unless they shall believe from the evidence that the defendant was guilty of negligence.

"If they so believe they must find for the plaintiff, unless they further believe from the evidence that the plaintiff was guilty of contributory negligence on his part. And if they believe from the evidence that the plaintiff was guilty of contributory negligence they must find for the defendant. The jury are instructed that if they believe from the evidence that the plaintiff, after getting on the car he first entered, was unable to find a seat therein by reason of its crowded condition; that he was told by the conductor of the train that he might find a seat in the forward car; that he went forward after receiving such suggestion and attempted to pass from that car to the next one; that when he got out on the platform he did not remain there, but attempted to pass into the next car with reasonable promptness; that

while so passing he exercised reasonable care and caution under the circumstances; that while so passing he was thrown from the car by reason of the defendant's train being run over the switch, and along the curve mentioned in the declaration, at an unusually rapid rate of speed, they must find for the plaintiff. The burden of proving these facts is upon the plaintiff. But if the jury shall believe that he did not receive any such suggestion from the conductor, or that if he received it, and in passing from one car to the other, or in loitering upon the platform, or in the selection of the time when he undertook to so cross the platform in any other particular, he did not exercise such care and caution as a reasonably prudent man under all the circumstances should have exercised for his own protection, they should find for the defendant. If the jury find for the plaintiff, they may, in assessing his damages, take into consideration his expenses in attempting to be cured, his loss from being kept from transacting his business, his pain and suffering up to the present time, and also any pain or distress he may suffer by reason of his impaired hearing."

To the refusal of the court to give the instructions asked for by the defendants, and to its giving others in lieu thereof, the defendant excepted, and this exception we will now proceed to consider.

The first instruction asked for by the defendant was rightly refused. It may be perfectly true that the equipment of the defendant was in good order and condition; that the employees were experienced and competent men; that the train was carried safely from Old Point to Richmond, and yet defendant company might be liable for the accident sustained by the plaintiff, for it cannot be doubted that the defendant would be liable to the passengers for the negligence or misconduct of the most experienced and competent employee. The court was asked to say to the jury that, " if,

while the train was in motion, the plaintiff, for his own con-
venience, left the inside of the car in which he had been
riding, and went upon the platform for the purpose of riding
here, or of passing into the next car in search of a seat, the
plaintiff assumed all risk of falling or being thrown from the
train by reason of the motion or oscillation thereof, whether
caused by the speed, curve, frogs, or switches."

As appears from what has been said in passing upon the
demurrer to the declaration, we do not think that this is a
correct exposition of the law. We do not think it negli-
gence *per se* for a passenger to pass from one car to another
in search of a seat, and therefore the instruction was, for
this cause also, properly refused.

*A fortiori* would it have been error to instruct the jury
that the plaintiff assumed all risk in passing from one car
to another in search of a seat, even though he did so at the
suggestion of the conductor. There is no error, therefore,
in the refusal of the court to grant the instructions asked
for by the defendant.

The instructions given by the court state the law correctly
as to the effect, upon the plaintiff's right to recover, of his
attempt to pass from one car to the other in order to find a
seat. The jury were told that if the plaintiff was unable to
find a seat in the car which he first entered, and he was in-
formed by the conductor that he might find a seat in the
forward car, and that in attempting to pass to the next car
he exercised reasonable care and caution, those circum-
stances do not constitute contributory negligence, and in this
there is no error. But, while these circumstances do not
show contributory negligence on the part of the plaintiff, it
remains for him to show negligence on the part of the de-
fendant to entitle him to recover, and it is to that clause of
the instruction which points out the negligence of the de-
fendant to which we think exception can justly be taken.
The instruction says that " if the jury believe that while so

passing he was thrown from the car by reason of the defendant's train being run over the switch and along the curve mentioned in the declaration at an unusually rapid rate of speed, they must find for the plaintiff." In other words, this instruction contains two propositions, the first being that certain acts upon the part of the plaintiff did not constitute contributory negligence; secondly, that running over the switch and curve at an "unusually rapid rate of speed" constituted negligence upon the part of the defendant. In this we think there was error. We cannot say as matter of law that the mere rate of speed is negligence, although it may be unusual. It is true that negligence is a relative term; that what may be negligence under one condition of facts would not only not be negligence but highest prudence under a different condition of facts. The question for the jury always is, was the act, taken in connection with all of its attending circumstances, negligent? Without doubt a rate of speed may be dangerous taken in connection with other facts, as, for instance, the condition of the track, which would be entirely safe under other circumstances. The degree of curvature may be such as to render more than a given rate of speed dangerous, and a dangerous rate of speed is negligence. If, therefore, the instruction had said that the defendant's train was being run over the switch and along the curve mentioned in the declaration at a "dangerous rate of speed," we should have held the instruction to be altogether proper, but we cannot hold that what is unusual is therefore dangerous. We think that the Circuit Court erred in this respect in its instruction.

After the jury had found a verdict, the defendant moved the court to set it aside, and grant a new trial. First, because the verdict was contrary to the law and the evidence; secondly, because the court had misdirected the jury; and third, because the damages awarded are excessive, and unsupported by the evidence.

Opinion.

We think the judgment must be reversed for the error in the instruction just pointed out, but we forbear to express any opinion upon the sufficiency of the evidence, as the case has again to be submitted to a jury.

*Reversed.*