# Richmond.

## PATTESON, TRUSTEE, v. CHESAPEAKE & OHIO RAILWAY CO.

### December 3, 1896.

1. WRIT OF ERROR—*Two Trials Below—Rule of Decision.*—Where there have been two trials of an action at law, and the verdict of the jury on the first trial has been set aside by the trial court, and proper exception taken, and the evidence has been certified, on a writ of error from the Court of Appeals that court will look first to the evidence adduced on the first trial, and if it discovers that the trial court erred in setting aside the first verdict, will reinstate the verdict and enter judgment thereon. Acts 1891-'2, Ch. 609, p. 962.

2. RAILROADS—*Fires—Burden of Proof—Province of Jury.*—When the origin of a fire has been fixed upon a railroad company, it is presumptively chargeable with negligence, and must assume the burden of proving that it used the best precautions known for confining sparks or cinders, and that its appliances for the purpose were kept in good order. The evidence of these facts is peculiarly within its knowledge, and it is incumbent on the company to produce it. Whether a fire was caused by a railroad company, or its engine was out of order, or the spark arrester was of an approved kind, are questions to be decided by a jury upon the evidence in each particular case.

Error to judgment of the Circuit Court of Nelson county, rendered October 2, 1894, in an action of trespass on the case wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*W. D. Patteson* and *Caskie & Coleman*, for the plaintiff in error.

*C. M. Blackford, Henry T. Wickham* and *Henry Taylor, Jr.*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This was an action in the Circuit Court of Nelson county to recover damages for the destruction of a barn and its contents alleged to have been caused by fire communicated from the engine of the defendant.

There were two trials of the cause. On the first the jury found a verdict for one thousand dollars for the plaintiff, which, upon motion of the defendant, was set aside. On the second trial the plaintiff introduced no evidence, and there was a verdict for the defendant, whereupon the plaintiff moved to set that verdict aside and grant a new trial, which motion was overruled by the court, and judgment entered for the defendant.

All the evidence adduced upon the first trial is now before this court, having been duly incorporated in a bill of exceptions taken at the time, and signed by the presiding judge, and made a part of the record.

Under the rule prescribed by the legislature, (Acts 1891–2, p. 962,) this case must be considered by this court looking to the whole evidence adduced on the first trial, and if it find that the Circuit Court erred in setting aside the first verdict, it must reinstate that verdict, and enter judgment thereon for the plaintiff, otherwise the verdict and judgment for the defendant on the second trial must stand.

Counsel have pressed with great earnestness the rule that the judgment of the lower court in setting aside a verdict because contrary to the law and the evidence is justly entitled to great weight, and that generally a stronger case should be made to justify an appellate court in reversing an order granting than one refusing a new trial. The rule is a wise one within proper limits. It cannot, however, be carried to the

extent of depriving this court of the right of review in such cases as this. The statute already cited, which prescribes how such a case as this is to be considered, says that the appellate court shall look first to the evidence and proceedings on the first trial, and if it discovers that the court erred in setting aside the verdict on that trial it shall set aside and annul all proceedings subsequent to said verdict, and enter judgment thereon.

If, therefore, this court shall become satisfied that the lower court, in setting aside the verdict, has disregarded the right of the jury to determine the weight of the evidence, or has in any other respect committed error, it should reverse its action. Unless it is so satisfied the action of the lower court should be affirmed.

There was peculiar propriety in a jury weighing the evidence in this case, and settling the issues between the parties, and the conclusion reached by them should not be disturbed, unless there was a plain deviation from right and justice upon their part.

It appears that on the 10th of September, 1892, a loaded freight train going west in the direction of Lynchburg over the road of the defendant company, passed, about ten o'clock in the morning of that day, through the farm, in Nelson county, held by the plaintiff in trust for Mary E. Lewis and her children. The burned barn was situated in an open field nine hundred and forty feet from the railroad, on a point higher than the road, and at the head of a hollow leading from the railroad in the direction of the barn. The engine and train passed a few minutes before the barn was observed to be on fire, and the preponderance of evidence is that a strong wind was blowing from the engine in the direction of the barn, and that the hollow or draught leading from the railroad in that direction formed a channel up which there was a strong concentrated current of wind. It further appears that the barn took fire on top the roof, either of the

main building or the shed, and was seen as soon as it caught; that the barn was kept locked, and no one had been to it since seven o'colck in the morning of that day; that one of the owners and another person passed the barn a few minutes before the train did, and no fire was there then.   Within a few minutes of the time that the barn took fire, and a short distance from it, two other fires occurred on the same side of the railroad with the barn—one a shock of fodder six hundred and sixty feet from the railroad, and the other a stack of hay six hundred feet therefrom—and both situated at a greater elevation above the railroad than the barn.   Those witnesses who speak on the subject say it is impossible that the fire could have originated from any other cause than sparks or cinders emitted by the engine attached to the passing freight train, and the evidence nowhere suggests any other possible hypothesis.

The defendant insists that the burden was not only on the plaintiff to prove that the fire originated from sparks or cinders thrown out by the engine, but that such sparks or cinders were emitted by the engine because of defects in its construction or condition, and by reason of the fact that it was not equipped with the best appliances for arresting sparks and preventing the emission of burning cinders.   In support of this proposition the case of *Bernard* v. *R. F. & P. R. Co.*, 85 Va., 792, is cited and relied on.   It is true, as a general rule, that where no negligence is proved on the part of the railroad company or any of its agents or employees, and negligence is the gravamen of the action, the law does not impute it.   It lies on the party alleging it to prove it.   It is, however, equally true that where the subject matter of the allegation lies peculiarly within the knowledge of one of the parties, that party must prove it, whether it be of an affirmative or negative character.   The law on this subject is well stated in 2 Shearman & R. on Neg., sec. 676.   It is there said:

"The decided weight of authority and of reason is in favor

of holding that, the origin of the fire being fixed upon the railroad company, it is presumptively chargeable with negligence and must assume the burden of proving that it had used all those precautions for confining sparks or cinders (as the case may be) which have been already mentioned as necessary. This is the common law of England, and the same rule has been followed in New York, Maryland, North Carolina, South Carolina, Tennessee, Illinois, Wisconsin, Missouri, Nebraska and Texas; and it is established by statute in Vermont, Illinois, Iowa, New Jersey, Minnesota, Kansas, Mississippi, and Utah. But it has been some times held that the plaintiff is bound to prove affirmatively some precaution which the defendant ought to have taken, and that it did not take it. This ruling is contrary to the plain principle that a party is not required to prove a fact which is necessarily much better known to his adversary than to himself, since the railroad company has unlimited opportunities for knowing the condition of its own engines; while its prosecutor has none at all, until he comes into court. Accordingly, such decisions have been overruled by statute in Iowa and Kansas, leaving Pennsylvania and Ohio to stand alone. In every case it is held that a presumption of negligence is raised by evidence that engines are, in common practice, so made as to retain their sparks, and that the particular engine in question did not. And if the particular engine from which the fire proceeded was so made, but it appears that, unless it was watched and kept in order, it would emit sparks, the inference may fairly be drawn that the fire was caused by negligence in its management. On the other hand, evidence that the engine which emitted the sparks had all the best appliances required by the rules previously stated, and was carefully handled, is sufficient to put the burden of proof again upon the plaintiff to show negligence.''

It is well settled that testimony is admissible on the part of the plaintiff tending to show that the defendant's locomo-

tive, on occasions other than that for which the action is brought, had emitted sparks and communicated fire to the property along its track and right of way, for the purpose of showing negligence on the part of the defendant's employees, or defects in the construction of the machinery in question. *New York, &c., R. Co.* v. *Thomas,* 92 Va., 606. If proof of other fires establishes negligence on the part of the defendant, surely proof that the engine of the railroad company caused the fire for which the action was brought must do so, the former being merely cumulative, and intended to show a negligent habit.

The rule laid down by the authorities cited that the origin of the fire being fixed upon the railroad company, it is presumptively chargeable with negligence, and must assume the burden of proving that it had used the best precautions known for confining sparks or cinders is a wise and just one. The law is liberal in holding that the railroad is exempt from liability when operated in a lawful manner, and in the exercise of reasonable care and skill, it burns the property of the citizen along its route. To hold that the plaintiff, in addition to proving that the railroad company is justly chargeable with the origin of the fire, must also prove affirmatively that its machinery was out of order, would practically defeat a recovery in most cases. The statement of the law as it seems to be laid down in *Bernard* v. *R. F. & P. R. Co.,* 85 Va. 792, is not in accord with the view herein expressed, and is therefore not approved.

The defendant, notwithstanding its position that no obligation rested upon it to prove that its machinery was in order, introduced witnesses to establish that fact.

The only witness who professed to have any personal knowledge of the condition of the spark arrester, was W. A. Sutton, the night inspector of the engines at Second street shop, Richmond. He testified that between six o'clock in the evening and six in the morning of Sunday, the 11th day

of September, 1892, which was the next day after the fire, he had inspected the engine in question, and found it in good order, and equipped with the latest style spark arrester. He admitted, however, that he had no independent recollection of inspecting the engine, and only made the statement from a pencil report upon which six engines appeared by their number, and among the number the one in question. The paper was marked O. K. as indicating that the engines were in order. Other witnesses testified that the spark arrester was in order, but admitted on cross-examination that they had no personal knowledge on the subject, and only made the statement upon the Sutton report. It appeared from the defendant's evidence that there were several points on the railroad where repairs could have been made between the point of the fire and the return of the engine to Richmond, where it was said to be examined by the inspector. The defendant undertook to prove further by expert witnesses that under no circumstances, whether the engine be out of order or not, could a coal cinder, large or small, escaping from the engine, be thrown a greater distance than fifty yards, or retain heat enough while passing through the air, to ignite inflammable material at a greater distance than fifty yards from the engine. On the other hand, two unimpeached witnesses of the plaintiff testify that on former occasions they had stood in this barn yard and seen sparks and cinders from a passing engine fall around them and burn the hand of one of them.

Whether or not the fire was caused by the defendant, and whether or not the engine was out of order, or the spark arrester of an approved kind, were questions for the jury, and being, no doubt, satisfied that the fire originated from sparks or cinders thrown from the engine, the other evidence was sufficient to justify their verdict, especially that of the defendant showing that it would be impossible for the fire to be thrown that distance if the spark arrester was in good

order.    Certainly it cannot be said that the conclusion reached by the jury was a plain deviation from right and justice.

For the foregoing reasons the judgment of the Circuit Court must be reversed, and judgment entered here upon the verdict rendered on the first trial.

*Reversed.*