### Richmond.

White v. New York, Philadelphia & Norfolk Railroad Co.

MARCH 21, 1901.

1. RAILROADS—*Fires—Presumption of Negligence—How Overcome.*—In an action against a railroad company to recover damages resulting from fires alleged to have been communicated from the engines of the defendant, the burden is on the plaintiff to show that the fire arose, as alleged, from sparks emitted by said engines. When this is done, the negligence of the company is presumed, and it must show that it has observed every reasonable precaution, and availed itself of the best mechanical contrivances and inventions in known practical use to prevent the burning of property by the escape of fire, and if it succeeds in doing this, it has performed its duty, and cannot be held liable.

Error to a judgment of the Circuit Court of Accomac county, rendered October 3, 1899, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Wescott & Gunter,* for the plaintiff in error.

*J. H. Fletcher, Jr.,* and *S. K. Powell,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought to recover damages for the destruction of a mill and contents, alleged to have been caused by fire

communicated from the engine of the defendant railroad company. There were two trials. On the first there was a verdict in favor of the plaintiff, which was, on motion of the defendant, set aside as contrary to the law and the evidence. On the second trial no evidence was introduced, and a verdict was rendered in favor of the defendant, which the court refused to set aside.

All the evidence adduced on the first trial was duly incorporated in a proper bill of exceptions, and the sole question to be determined is, whether or not the Circuit Court erred in setting aside the first verdict and granting a new trial.

In this case the burden is upon the plaintiff to show that the fire arose, as alleged, from sparks emitted by the engine in question. Where the origin of the fire is thus fixed upon the railroad company, it is presumptively chargeable with negligence, and must assume the burden of proving that it had observed every reasonable precaution, and availed itself of the best mechanical contrivances and inventions in known practical use to prevent the burning of property by the escape of fire. When this has been done, the railroad company has performed its duty, and cannot be held liable. *Brighthope R. R. Co.* v. *Rogers,* 76 Va. 451; *Patteson* v. *C. & O. R. R. Co.,* 94 Va. 16; *Kimbal* v. *Borden,* 97 Va. 472.

It is by no means clear that the fire which destroyed the plaintiff's mill had its origin in sparks thrown from the engine of the defendant. Without passing, however, upon that question, but assuming that the jury were justified in concluding that the fire resulted from that cause, we are of opinion that the defendant has borne the burden thus imposed upon it, and has brought itself within the rule relieving it from liability by showing that its engine was equipped with the most approved spark arrester; that the same was in proper repair; and that the engine was operated with reasonable care and skill by competent employees.

·It appears that about two weeks before the fire the engine in question was returned to the defendant from the Baldwin Loco-

motive Works, shown to be the largest in the world, and to have the highest reputation in this country for turning out first-class work of the kind. It had been sent to these shops for general repair, and it appears from the evidence of those who did the work that the engine left their hands in first-class order, and equipped with the most approved method for preventing the escape of sparks. It further appears that during the two weeks immediately preceding the fire the engine was repeatedly examined with care by the inspector of engines, the last inspection being on the day the mill was destroyed, and each time the spark arrester was found to be in good condition. It further appears that, in accordance with the custom of the company, the efficiency and equipment of this engine was successfully tested and established by being used to haul heavy freight trains with forty and fifty cars before being used for the passenger service in which it was engaged on the occasion of the fire. This evidence is corroborated by photographs of the spark arrester taken soon after the mill was destroyed. The run made by this engine was from Cape Charles to Delmar, a distance of ninety-five miles. The evidence shows that a large part of this distance is through woodland, and that along the right of way on the lands adjacent thereto are sedge fields and other inflammable materials, such as dead leaves and dead branches of trees. Notwithstanding these conditions, so inviting to fire from the sparks of a passing engine, it is an established fact in the case that no fire occurred at any point along the entire route, other than that alleged in this case, as the result of sparks emitted by the engine in question, after it came from the repair shops.

Without prolonging this opinion with further recital of the evidence, it is sufficient to say that it satisfactorily appears that the railroad company had discharged its duty in the matter of proper machinery and appliances, and therefore could not be held responsible for the alleged fire.

For these reasons, the judgment of the Circuit Court must be affirmed.                                    *Affirmed.*