# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

NORFOLK & WESTERN RAILWAY CO. V. FRITTS.

March 9, 1905.

Absent, Cardwell and Whittle, JJ.

1. RAILROADS—*Fires—Improved Appliances—Competent Servants—Careful Operation.*—Where it is established that a fire was set out by the engines of a railroad company, the company is presumptively chargeable with negligence, and must assume the burden of proving that it had availed itself of the best mechanical contrivances and inventions in known practical use, to prevent the burning of property by the escape of fire, and had exercised and observed every reasonable precaution in selecting competent employees, and in operating its trains.

2. RAILROADS—*Fires—Dry Seasons—Increased Care.*—It is the duty of a railroad company to exercise every reasonable precaution to avoid injury to others by scattering fire along its right of way, and when the danger of doing such injury is increased by the nearness of wooden buildings to its track, the accumulation of combustible material on or near its land, the dryness of the season, and the direction and velocity of the wind, greater caution is required than when such conditions do not prevail.

3. RAILROADS—*Fires—Case at Bar—Unusual Speed—Dry Season—Demurrer to Evidence.*—Where fire is set to a frame building near a railroad by sparks emitted from engines, and it appears that an ordinary freight train propelled by two engines ran past the building on an up grade, at twice the schedule time, emitting an unusual quantity of sparks and cinders; that the season was very dry, and a strong wind was blowing directly towards the building from the passing engines, and it does not appear that the speed adopted was a necessity to the railway service, or a duty owing by the railroad company to its patrons or the public, it is for the jury to

say whether, under all the circumstances, there was negligence on the part of the company in the operation of its engines, and as a jury might so find, it is the duty of the court, on a demurrer to the evidence by the railroad company, to decide accordingly.

Error to a judgment of the Circuit Court of Warren county, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Downing & Richards* and *Marshall McCormick*, for the plaintiff in error.

*Scott & Staples*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought to recover damages for the destruction of certain property of the plaintiff, alleged to have been caused by fire communicated from the engine or engines of the defendant company, in consequent of its negligent equipment, management and operation of such engines.

There was a demurrer to the evidence of the plaintiff, and thereupon the jury assessed his damages at $2,366.70, subject to the opinion of the court upon the law. Upon consideration thereof, the learned judge of the Circuit Court overruled the demurrer, and gave judgment for the plaintiff in accordance with the verdict of the jury. From this judgment the case is before us for review.

No reasonable doubt can be entertained that the fire was set out by sparks from the engines of the defendant. Where this fact is established the law is well settled that the railway com-

pany is presumptively chargeable with negligence, and must assume the burden of proving that it had availed itself of the best mechanical contrivances and inventions in known practical use, to prevent the burning of property by the escape of fire, and had exercised and observed every reasonable precaution in selecting competent employees, and in operating its trains. *Patteson* v. *C. & O. Ry. Co.*, 94 Va. 16, 26 S. E. 393; *Kimball* v. *Borden*, 95 Va. 203, 28 S. E. 207; *White* v. *N. Y., &c. Ry. Co.*, 99 Va. 357, 38 S. E. 180.

Assuming that the defendant has shown that it had availed itself of the best mechanical contrivances to prevent the burning of property by the escape of fire, and had observed reasonable precaution in the selection of its employees, we come to the real question at issue—whether or not the defendant was guilty of negligence in its operation of the engines and train here involved.

It appears that the plaintiff, R. S. Fritts, was conducting a mercantile business at Success, a station on the line of the railroad of the defendant company, and that the buildings occupied by him for this purpose were wooden structures situated about thirty-five feet from the railroad track. The fire which destroyed these buildings and their contents occurred on March 26, 1902, at one o'clock in the daytime, it being a bright, warm day, and in the midst of a very dry season. At the hour mentioned, a freight train of the defendant, consisting of thirty cars, carrying 841 tons of freight and drawn by two engines, passed Success going South. The schedule time allowed fifteen miles an hour for the speed of the train; it was behind its schedule time and endeavoring to make it up, and did make up five minutes between White Post and Riverton, a distance of ten miles.

When the train passed the property of the plaintiff, at Success, it was running up-grade at the rate of thirty miles an

hour, double its schedule speed, and laboring very hard. The two engines were throwing out an unusual quantity of sparks and cinders, and there was a high wind blowing directly from the engines in the direction of the plaintiff's property.

The question presented is, would the .jury, from the facts stated, have been justified in drawing the conclusion that the defendant company was operating its engines negligently?

The defendant insists that the speed of its train was not negligence *per se*, and that in regulating such speed it was under no obligation to take cognizance of the dryness of the season, the strength and direction of the wind, the danger to the plaintiff's property, nor any of the surrounding conditions and circumstances which increased the danger to others from fire thrown out by its engines; that if such obligations were imposed, the regular operation of railroads would be impossible.

This position is not reasonable, and is not sustained by authority. It is a well settled principle of law that care in doing any particular act must be exercised in proportion to the danger attending the act. Mere rate of speed, though unusual, is not negligence *per se*. But taken in connection with other circumstances rate of speed may be dangerous, and a dangerous rate of speed is negligence. *C. & O. Ry. Co.* v. *Clowes*, 93 Va. 189, 24 S. E. 833. In this case Judge Keith says: "We cannot say as a matter of law that the mere rate of speed is negligence, although it may be unusual. It is true that negligence is a relative term; that what may be negligence under one condition of facts would not only not be negligence, but the highest prudence, under a different condition of facts. The question for the jury always is, was the act, taken in connection with all of its attending circumstances, negligent?"

It cannot be doubted that it is the duty of a railway company to exercise every reasonable precaution to avoid injury to others by scattering fire along its right of way. It is equally clear,

upon principle and authority, that when the danger of doing such injury is increased by the nearness of wooden buildings to its track, the accumulation of combustible material, either on its own or the adjoining land, the dryness of the season, and the direction of high winds, greater caution is required than is necessary when such conditions do not prevail. While ordinary care requires the employees of a railway company to recognize such conditions for the purpose of avoiding, as far as possible, injury to others, such care is to be exercised while at the same time giving due consideration to the interest of the railway service, and the duty of the company to its patrons and the public. Thompson on Negligence, sec. 2263; Elliott on Railroads, sec. 1228.

In the section just cited from Elliott on Railroads, the law is stated thus: "It is a well settled principle, that care in doing any particular act must be exercised in proportion to the danger attending the act. When the doing of any particular act is attended with unusual hazards, unusual care must be exercised, but where the performance of the act is attended with only ordinary hazards, a less degree of care is required. These principles have frequently been applied in railway fire cases for the circumstances under which fires are likely to occur and do occur are so varied that this degree of care must necessarily be employed. In proportion as the hazards increase, there should be a corresponding increase in the care exercised. Thus it has been held that it is the duty of a railway company, in an unusually dry season, when all inflamable material is like tinder and liable to be set on fire from the smallest spark, to exercise greater precaution and care than in wet or damp seasons. So, when the wind is blowing directly from an engine towards wooden buildings or combustible material, greater precautions may be required; and when a train is running through a densely populated country or village where there are a great

number of buildings exposed to the hazards of fire, greater precaution must generally be exercised than is necessary when running through the country where there are no buildings. Unusual precautions are not required such as the purchase and use of tarpaulins or other similar means to protect against fire."

This statement of the law is fully sustained by the adjudicated cases. *Marvin* v. *Chicago, &c. R. R. Co.*, 79 Wis. 140, 47 N. W. 1123, 11 L. R. A. 506; *Pittsburg, &c. R. R. Co.* v. *Noel*, 77 Ind. 110; *Fero* v. *Buffalo & State Line R. Co.*, 22 N. Y. 209, 78 Am. Dec. 178; *Riley* v. *Chicago, H. & St. P. Ry. Co.*, 71 Minn. 425, 74 N. W. 171.

The case last cited was an action for damages caused by fire scattered from one of defendant's locomotives. It appeared that the country was unusually dry, and vegetation very inflammable, particularly along that part of the defendant's road where the fire in question occurred; also that on the occasion there was a very high wind. Upon review, the Supreme Court of Minnesota held that it was not error to instruct the jury that ordinary care was a relative term, and depended on circumstances and conditions; that in passing upon the management of defendant's engine they were to consider the conditions then prevailing, such as the dryness of the grasses, stubble and other vegetation near the track, and the speed and direction of the wind; but on the other hand they must give due consideration to the necessities of the railway service, and the duty of the defendant to its patrons and the public.

In the case at bar, as already seen, a freight train of the defendant with a load too great for one engine was speeding by the property of the plaintiff at the rate of thirty miles an hour, twice the speed contemplated by its schedule, and emitting an unusual quantity of sparks and cinders. There can be no question that the harder an engine is worked the more sparks and cinders it will discharge. The danger of fire is, therefore,

necessarily augmented by the speed of a train, especially when it is pulling up-grade as it was here. At this time the property of the plaintiff was greatly exposed to danger by reason of its nearness to the railroad, the dryness of the season and a strong wind blowing directly to it from the passing engines. The burden was on the demurrant to show the exercise of reasonable care in the operation of its train and engines.

It does not appear that the speed adopted, particularly in view of the prevailing conditions, was a necessity to the railway service, or a duty owed by the defendant to its patrons or the public. This was an ordinary freight train, and not one word is offered in explanation of the high rate of speed at which it was moving. The fire was set out by the engines of the defendant, and it was for the jury to say whether or not the act, taken in connection with all the attending conditions and circumstances, was the result of a negligent operation of its engines by the employees of the defendant. A consideration of this question was withdrawn from the jury by the demurrer to the evidence, and we are unable to say that they would not have been justified in finding a verdict for the plaintiff.

Sundry exceptions were taken during the progress of the trial to the action of the Circuit Court in admitting certain evidence offered on behalf of the plaintiff, and in refusing to strike out certain answers of the witness, Robert Grigsby, on his cross-examination. In the view we have taken of the case, it is unnecessary to pass upon these exceptions, for if their solution were in favor of the defendant company it could not alter the conclusion we have reached.

For these reasons the judgment of the Circuit Court must be affirmed.

*Affirmed.*