# WHEELING

Wenzel, Admr. v. City & Elm Grove R. R. Co.

Submitted January 21, 1908.   Decided June 10, 1908.

1. Carriers—*Injury to Passengers—Negligence.*
   Where a passenger, while riding on an electric car seated on the floor between the seats with his feet resting on the running board, falls off while the car is rounding a curve, the mere fact that the car was crowded and running at the rate of speed usual under ordinary circumstances does not of itself show negligence on the part of the company.   (p. 313.)

2. Same—*Directing Verdict.*
   Under such circumstances, the lower court is justified in excluding plaintiff's evidence and directing a verdict for the defendant.   (p. 314.)

Error to Circuit Court, Ohio County.

Action by Philip. C. Wenzel, administrator, against the City & Elm Grove Railroad Company.   Judgment for defendant, and plaintiff brings error.

*Affirmed.*

Riley & Ritz, for plaintiff in error.

Russell & Russell, for defendant in error.

McWhorter, Judge:

This was an action of trespass on the case brought in the circuit court of Ohio county by Philip C. Wenzel, administrator of Philip J. Wenzel, deceased, against the City & Elm Grove Railroad Company, a corporation, the declaration being filed September 27, 1906.   The cause of the action was for the negligent killing of the plaintiff's decedent by the defendant.

There were three counts to the declaration, a demurrer was sustained as to the second and overruled as to the first and third counts, the defendant pleaded the general issue, a jury was impanneled and after the plaintiff had rested his case defendant moved the court to exclude the plaintiff's evidence which motion was sustained and plaintiff excepted.   The jury, under the instructions of the court, returned a verdict for the defendant.   Plaintiff moved the court to set aside the

verdict and grant him a new trial which motion was also over-ruled and plaintiff excepted.   The court then rendered judgment for the defendant, and that plaintiff take nothing by his suit, and for cost to defendant.   The evidence was made part of the record by proper bill of exceptions and a writ of error obtained from this Court.

Was the lower court justified in excluding the evidence of the plaintiff from the jury and directing a verdict for defendant?   The facts as appear from the record are these:

The City & Elm Grove Railroad Company was the owner of an electric railroad running from the Pennsylvania State line, near the Town of West Alexander, to and through the City of Wheeling.   The Wheeling Park, about four miles from Wheeling, was opened on May 30, 1906, and on that day great crowds of people were carried to and from the Park by the said defendant company.   On the same night about half past ten or eleven o'clock Philip J. Wenzel and William Kuhn, who had gone to the Park in the early afternoon of that day, started home from the Park.   The car was very crowded, all the seats being taken, the front and rear platforms being full, some standing up between the seats, and some riding on the running boards of the car.   The car was a summer car with the seats extending in one bench from side to side, there being no aisle in the middle.   Wenzel and Kuhn being unable to get seats, got on the running board, on the left side of the car as it came towards Wheeling, on the side next to the second track on which cars went towards the Park.   Wenzel sat down on the floor of the car between the first and second seats of the car with his feet resting on top of the running board, and Kuhn occupied a similar position between the second and third seats.   The conductor collected their fares while they were seated on the floor.   As the car was going around a curve, and just as a car was passing in the opposite direction, Wenzel went headlong from the car and was killed, his body being found lying between the two tracks with his lower limbs extending over the inside rail of the second track.   There was no evidence to show what caused Wenzel to fall off the car.   None of the witnesses saw him when he left the car.   He had passed Kuhn before Kuhn saw him.   Three other witnesses, who were standing on the running board, testified to feeling him brush by them, striking them below the knees.

The declaration alleges that the accident was due to the over-crowding of the car, and the rocking, shaking and jarring of the car caused by the great speed at which the car was being run around the curve. It was shown that the car was very crowded, but there is no evidence to show, nor from which an inference could be drawn, that Wenzel was crowded or pushed off the car. All the witnesses testified that the car was running fast, about the usual speed, about as fast as they run along that line; but it is not shown in any way that the speed of that car, or either car, had anything to do with the accident. William Kuhn, on cross-examination, testified that he didn't notice any jarring or was not shaken by the motion of the car; that the car was running just as it had been. Witness John O'Donnell, who was standing on the running board on the same side of the car as Wenzel was sitting, was asked, "Could you tell from any sensation that it (the car) was going around a curve?" and answered, "No, I didn't feel no jar in the car;" that he knew they were going around a curve because he could see the car on the other track "coming around." Roscoe McAfee, who was standing on the rear platform, on cross-examination testified: "Q. You didn't notice anything in connection with the car, jars or anything of that sort? A. I hadn't noticed anything that way at all."

The mere fact that the car was running at the same rate of speed when very much crowded that it did under ordinary circumstances, would not of itself be such negligence as to make the defendant liable. "Where a passenger, while riding on the platform of a motor car, falls off while the car is rounding a curve, the mere fact that the car was running at a high rate of speed does not show negligence on the part of the company, unless the speed was unusual, improper, or dangerous." Nellis on Street Railroad Accident Law, 174.

*Francisco* v. *Troy & Lansingburgh R. R. Co.*, 78 Hun. (N. Y.) 13, was a case where the only ground upon which the plaintiff sought to establish the negligence of the defendant was that the motor car was run at too high rate of speed in rounding the curves in the track, and that the rate of speed was negligence *per se;* at page 14 of the opinion it is said: "Upon this branch of the case, resting, as it does alone, upon the rate of speed as proved, in the absence of

any evidence that such a rate of speed was negligence, we do not think that the jury should have been left to speculate. There was no duty resting upon the defendant to warn passengers of the approach of the motor to a curve in the track. There is no proof that the curve in the track was a dangerous or improper one for this class of railroads, or that there was any defect in the car or track which rendered it dangerous, so far as disclosed by the evidence or urged by the plaintiff. All that appears to be claimed by the plaintiff was the high rate of speed at which the motor was run at the time of the accident. The car was not derailed or capsized, and it would seem that under such circumstances, to authorize a jury to find the defendant guilty of negligence, there should be some evidence that the rate of speed was unusual, improper or dangerous. Any other rule would allow a jury to speculate as to the duty of a railroad company as to the rate of speed at which they might run within the danger line and capriciously fix that rate without evidence."

"The mere rate of speed of a train cannot be held, as a matter of law, negligence, although it may be unusual."—*C. & O. Ry. Co. v. Clowes*, 93 Va. 189, (24 S. E. 833.)

Had there been any evidence that Wenzel was pushed or knocked off the car by the jostle of the crowd, or by the car on the second track, then proof of the crowded condition of the car would have been sufficient to entitle the question of negligence to go to the jury. Had there been any evidence that Wenzel became dizzy and tumbled off the car; that the car was jarred, rocked, or shaken so that he was thrown off; or that he was in any other way affected by the speed of the car in going around the curve, then the question of whether the defendant was negligent in running its car at the usual rate of speed would have been for the determination of the jury.

"A motion to exclude all the plaintiff's evidence introduced upon the trial of an action should be sustained, when such evidence is insufficient to sustain a verdict in favor of the plaintiff, notwithstanding there is a scintilla of evidence supporting the plaintiff's case." - *Dye v. Corbin*, 59 W. Va. 266, (53 S. E. 147). "Though questions of negligence and contributory negligence are, ordinarily, questions of fact to be passed upon by a jury, yet, when the court would be com-

pelled to set aside a verdict in opposition to it, it may withdraw the case from the consideration of the jury, and direct a verdict."—*Ketterman* v. *Dry Fork Railroad Co.*, 48 W. Va. 606; *Cobbs* v. *Glenn Boom & Lumber Co.*, 57 W. Va. 49, (49 S. E. 1005); *Williamson & Co. v. Nigh*, 58 W. Va. 629, (53 S. E. 124); *Klinkler* v. *Wheeling Steel & Iron Co.*, 43 W. Va. 219.

It was proven that the sidebar on the car was not down. Counsel for plaintiff in error in their brief refer to this fact as criminal negligence on the part of the company. The sidebar, whether up or down, could have no bearing in this case. "The fact that the sidebar meant to prevent passengers from boarding or leaving the car on that side, and not to prevent them from falling out, was up when the defendant fell out, will not justify the jury in finding negligence."—Clark's Accident Law, 97.

The judgment of the lower court is affirmed.

*Affirmed.*