# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## PHILLIPS V. SOUTHERN RAILWAY CO.

### March 11, 1909.

#### Absent, Keith, P., and Cardwell, J.

1. RAILROADS—*Negligent Fires—Burden of Proof—Presumption.*—In an action against a railroad company to recover damages for fire set out by its engines, the burden is on the plaintiff to show that the fire originated from sparks emitted by an engine of the defendant. This being shown, the company is presumptively charged with negligence, and it must assume the burden of proving that its engine was equipped with the best mechanical appliance in known and practical use for preventing the escape of sparks, that the engine was kept in proper condition and repair to prevent the undue emission of sparks, and was properly managed; and, if the fire began on the defendant's right of way, that it kept its right of way clear of combustible material liable to ignition by sparks or coals of fire discharged from passing engines, thereby communicating fire to the property of others.

2. DEMURRER TO EVIDENCE—*When to be Decided for Demurree.*—Where the evidence is such that a jury would have been warranted in finding a verdict for the demurree to the evidence, the court must so find.

Error to a judgment of the Circuit Court of Chesterfield county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Hunsdon Cary* and *Beverly T. Crump,* for the plaintiff in error.

*Munford, Hunton, Williams & Anderson,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought to recover of the defendant company damages for its alleged negligence in communicating fire from one of its engines to the woodland of the plaintiff, whereby a large and valuable body of timber was destroyed.

The company demurred to the evidence, and the case is before us upon a writ of error to the judgment of the circuit court sustaining the demurrer and dismissing the case.

The law in this class of cases is well settled. The burden of proving that the fire originated from sparks emitted by an engine of the railroad company is upon the plaintiff. Where the origin of the fire is thus fixed upon the company, it is presumptively charged with negligence, and must assume the burden of proving that its engine was equipped with the best mechanical appliance in known and practical use for preventing the escape of sparks; that the engine was kept in proper condition and repair to prevent the undue emission of sparks, and was properly managed; and that it kept its right of way clear of combustible material liable to ignition by sparks or coals of fire discharged from passing engines, thereby communicating fire to the property of others, etc. *Patterson* v. *C. & O. Ry. Co.,* 94 Va. 16, 26 S. E. 393; *White* v. *N. Y. &c. R. Co.,* 99 Va. 357, 38 S. E. 190; *N. & W. Ry. Co.* v. *Fritts,* 103 Va. 687, 49 S. E. 971, 106 Am. St. Rep. 611, 68 L. R. A. 864; *Atlantic Coast Line R. Co.* v. *Watkins,* 104 Va. 154, 51 S. E. 172.

The woodland of the plaintiff was situated on the line of the defendant between the stations Robious and Midlothian. The evidence tends very clearly to connect the fire with a passing engine of the defendant. It tends to show that the fire which destroyed the plaintiff's property originated on the morning of March 23, 1907, about the time a local freight of the defendant,

drawn by engine No. 195, passed.   The evidence further tends to show that the spark arrester on this engine was out of repair, and the engine in a condition to throw sparks, and was throwing them, in unusual quantities about the time the fire originated. It further tends to show that the fire originated on the defendant's right of way; that the train in question was behind time, and running greatly in excess of its schedule rate through a heavily wooded country, where fire was likely to occur, at a very dry season and on a very windy day, and at a point where the engine was put to unusual exertion.

A detailed review of the evidence in this case is not necessary. It is enough to say, that upon the evidence and the inferences to be properly drawn therefrom, the jury would have been well warranted in finding for the plaintiff.   This being so, on a demurrer to the evidence, we must so find.

The judgment complained of must, therefore, be reversed, and this court will enter judgment in favor of the plaintiff in error for the sum ascertained by the jury as compensation for the damage sustained by him.

*Reversed.*