## Wytheville.

## N. & W. R. R. Co. v. Bohannon and Wife.

### August 16th, 1888.

1. RAILROAD COMPANIES—*Negligence—Fires—Sufficiency of Evidence—Case at bar.*—In action against company for destroying property by two fires—one caused by sparks from company's engine upon plaintiffs' premises, the other upon combustibles on company's right of way—it was shown that soon after train passed, smoke was seen in plaintiffs' orchard; that the fire started on line between plaintiff and defendant and was going from track, and that engines on that road sometimes threw sparks forty feet beyond right of way;

HELD:

> The evidence warranted the finding that each fire originated as laid in declaration.

2. IDEM—*Instructions—Damages as a whole.*—Where no attempt was made to ascertain the loss until after second fire, and to examine witnesses as to amount of each separate loss;

HELD:

> It was proper to refuse to instruct jury to find each loss separately; and it was proper to instruct them to consider all the evidence and assess the damages as a whole, whether fire originated from sparks cast upon plaintiffs' premises, or upon combustibles on defendant's right of way.

3. DAMAGES—*Measure—Fruit trees.*—The measure of damages for destroying by fire an orchard of fruit trees is the value of the trees destroyed.

Error to judgment of circuit court of Pulaski county, rendered March 26th, 1888, in an action of trespass on the case for damages for negligently destroying fruit trees by the defendant, wherein R. D. Bohannon and Ellen J., his wife, were plaintiffs, and the Norfolk & Western Railroad Company was defendant. At the trial defendant filed exceptions to the circuit court's

rulings in refusing and in giving instructions, and in overruling its demurrer to the evidence and its motion to set aside the verdict and award a new trial. Verdict and judgment for plaintiffs for $810. Defendant has the case here on writ of error and *supersedeas.* Opinion states the case.

*J. E. Moore,* and *A. A. Phlegar,* for the plaintiffs in error.

*D. S. Peirce,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

This is an action of *tort* to recover damages for a loss of property produced by fire communicated by passing trains.

The declaration contains two counts. The first charges a loss occasioned by negligence in the management of a locomotive and the fire and igneous matter therein, whereby sparks of fire, etc., were cast from the engine upon plaintiffs' premises, and their trees, fences, etc., were burned.

The second count charges loss from a fire caused by the company's negligence in permitting combustible matter to accumulate on the right of way, which took fire and communicated it to the plaintiffs' premises.

The defendant company demurred to the evidence; and the jury having found a verdict for the plaintiffs, subject to the opinion of the court upon the demurrer to the evidence, the court gave judgment for $810, the amount of the corrected verdict, with interest thereon from the date of the finding. Whereupon, the company applied for and obtained this writ of error.

The errors assigned are: first, the action of the court in rendering judgment upon the demurrer to evidence; second, the refusal of the court to give the instructions asked by the company and the giving of another in lieu thereof; third, the action of the court in giving the instruction asked by the plaintiffs; and further, the refusal of the court to set aside the verdict.

Now, it being manifest that if it was not error in the court to render judgment for the plaintiffs upon the demurrer to evidence, unless it ought to have set aside the verdict, these two objections may well be considered together.

The rule, upon a demurrer to evidence is, that the demurrant is considered as admitting the truth of his adversary's evidence, and all just inferences that might be drawn therefrom by a jury, and as waiving all his evidence which conflicts with that of his adversary, and all inferences which do not necessarily result therefrom. See *Creekmur* v. *Creekmur*, 75 Va. 430. If, therefore, we look at the testimony in the light of this rule, it seems to us to be clear that neither of these objections can be sustained. The argument is that, in order to charge the company, it was necessary to show that one of the fires originated on the plaintiffs' premises from the negligent management of the engine, and that the other was caused by combustible material negligently permitted to be on the company's right of way. Assuming this to be so, the evidence before the jury was certainly sufficient to warrant them in finding for the plaintiffs both of these facts. As to the first fire, which occurred in the day time, the testimony of Dr. W. H. Bramblett is, that he left Pulaski City soon after the east-bound mail-train had passed that place; that, as he was leaving, he saw smoke coming up from what he afterwards ascertained to be the plaintiffs' orchard; *that when he got to the orchard he found the fire had started on the bank of a railroad cut, about the line of the company's and plaintiffs' land, about forty feet from the centre of the railroad track, and had gone about seventy five or eighty yards into the orchard;* that the train had passed the point but a little while before he saw the smoke; and that the wind was from the southeast, and the fire spread northwest from the railroad through the orchard. This testimony establishes not only where the first fire was "started," to-wit: on the dividing line between the company's right of way and the plaintiffs' property, but it shows, also, the direction in which it was going, to-wit: away from the track.

And this evidence, taken in connection with the testimony of another witness, E. T. Benes, who said that the engines on this road sometimes threw sparks forty feet beyond the right of way, and the fact that an engine had just passed along, was ample evidence from which the jury might draw the inference that a spark or sparks from that engine had caused the fire. But the testimony of Dr. Bramblett proves more; it proves by exclusion that the combustible material on the company's right of way was not burned at all by this fire. When, therefore, we find, as the evidence shows was the case, that the dry grass and weeds were found partially burned on the company's right of way immediately after the second fire, it surely must be regarded as strong presumptive evidence that the second fire originated on the right of way, and that it was caused by hot cinders or sparks falling from the engine, that had just passed along, upon the dry grass and weeds with which the right of way was covered. Such being the plain and natural inferences from the evidence in the case, and the damages not being so excessive, if at all under the proofs, as to warrant the belief that the jury were actuated by passion or prejudice in rendering their verdict, we think it clear that it should not have been set aside, unless, indeed, there was some slip in the matter of instructions operating to the prejudice of the defendant. Now was there any mistake either in the instructions given or those refused? We think not. The first instruction asked by the defendant directs the jury to ascertain separately the damage sustained by reason of each fire. Such a direction is certainly unusual if not unknown in cases of this kind in this State, and, if allowable at all, which we do not decide, could only be of advantage to the defendant in case one of the counts were faulty, which they are not. See Sedgwick on Measure of Damages (6th ed.), top page 740, marginal page 582; 1 Chitty on Pl. 409. In the case at bar it would have been improper to have given it, for the plain reason that the evidence had already developed the fact that the loss had not been attempted to be ascertained until after the second

fire; and the damages, therefore, which the jury would have been required to ascertain under each count would have been purely conjectural. Besides, if the defendant desired to have the damages ascertained in this way, he should have asked, when the taking of the testimony was begun, that the witnesses should be required to state what was the loss resulting from each fire, and not have laid by until evidence had been given of the entire loss before giving notice of his purpose to make such a request.

Nor did the court err in refusing the second instruction asked by the defendant. This instruction stated that the measure of the damage sustained by the plaintiff was "the cost of replacing the trees the first proper season for planting after the burning, and the value of the care and labor bestowed on said trees by plaintiffs before the burning, with interest on the value of the care and labor from the time it was bestowed." This instruction is obviously faulty, not only in failing to make the question of damage depend upon the actual value of the trees, but in omitting from the calculation certain elements of value which must necessarily be taken into consideration in estimating the loss or damage resulting from the destruction of a vigorous and growing orchard of young fruit trees. The instruction given by the court in lieu of instructions one and two asked by the defendant, stated the rule in cases of this kind, as well, perhaps, as it can be done, when it said, that "the measure of recovery is the value of the property destroyed." And although that instruction authorized the jury to assess separate damages on each count of the declaration, which, as we have seen, was certainly improper in this case, if permissible at all in cases of this description under our practice, yet that was an error of which the defendant cannot complain, as it states substantially what he had previously asked.

The next objection is, that the court erred in giving the instruction asked by the plaintiffs. That instruction simply stated to the jury that, in determining whether the fires originated

from the sparks from the engine or from igniting from the combustible matter on the defendant's right of way, they had the right to consider all ·the evidence in the case, and might assess the damages as a whole. This, as we have seen, was manifestly right, and was all that really need have been given in the case.

Upon the whole, therefore, we think the judgment of the circuit court of Pulaski county is plainly right, and must be affirmed.

JUDGMENT AFFIRMED.