# 🄱𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## T<small>UTWILER</small> v. C<small>HESAPEAKE</small> & O<small>HIO</small> R<small>AILWAY</small> Co.

### D<small>ECEMBER</small> 16, 1897.

#### Absent, Riely and Cardwell, JJ.

1. R<small>AILROADS</small>—*Communicated Fires—Combustible Matter on Right of Way—Spark Arresters—Demurrer to Evidence—Case at Bar.*—Upon a demurrer to the evidence by the defendant, in an action against a railroad company to recover damages for negligently setting fire to and destroying the plaintiff's mill and contents, judgment should be rendered for the paintiff, notwithstanding the defendant had the best of engines, the most approved spark arresters and other appliances, and the most skilful management, when the evidence tends to show that the defendant permittd combustible matter to accumulate on its right of way; that the defendant's engines were in the habit of emitting sparks; that an engine and train passed at an opportune time to cause the fire; that the progiess of the fire was from defendant's right of way to the property burned; that the wind was blowing in that direction; and that the side of the mill next to the railroad was the first to burn.

Error to a judgment of the Circuit Court of Fluvanna County rendered September 13, 1895, in an action of trespass on the case wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*F. C. Moon* and *Daniel Harmon,* for the plaintiff in error.

*A. K. Leake, H. T. Wickham* and *Henry Taylor, Jr.,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

In the view taken of this case it is unnecessary to consider whether or not the engines of the defendant in error were equipped and operated in a proper manner.

A railway company may be supplied with the best engines and the most improved apparatus for preventing the emission of sparks, it may be operated by the most skilful engineers, it may do all that skill and science can suggest in the management of its locomotives, and still it may be guilty of gross negligence in allowing the accumulation of combustible material upon its right of way, easily to be ignited by fire from its engines and thence communicated to the property of adjacent proprietors. *Richmond & D. R. Co.* v. *Medley*, 75 Va. 502; *New York &c. R. Co.* v. *Thomas*, 92 Va. 606.

In the case at bar the evidence tends to prove that the defendant in error permitted combustible material to accumulate on its right of way; that there was a strong wind blowing from the railroad toward the property burned; that the progress of the fire was from the point where the combustible material was burned along the gangway to the mill; that the side of the mill next to the railroad was burned first; that an engine and train of the defendant passed at an opportune time to cause the fire; and that the engines of the defendant company were in the habit of throwing out sparks at this point, and sometimes beyond the mill.

The court is of opinion that the testimony was sufficient to justify the verdict of the jury, and that it was error, upon the demurrer to the evidence, to give judgment in favor of the defendant in error. *Norfolk & W. R. Co.* v. *Bohannan*, 85 Va. 295.

The judgment of the Circuit Court must therefore be reversed and set aside, and this court will enter judgment in favor of the plaintiff in error in accordance with the verdict of the jury.

*Reversed.*