# Richmond.

## SEABOARD & ROANOKE RAILROAD CO. v. HICKEY.

### FEBRUARY 4, 1904.

#### Absent, Cardwell, J.

1. INSTRUCTIONS—*Evidence to Support*.—It is error to give an instruction when there is no evidence to support it.

2. RAILROADS—*Negligence—Case at Bar*.—The evidence in the case at bar shows that an intelligent boy upwards of eight years of age, who was familiar with railroad trains, and who had been repeatedly warned to keep off of moving cars, was injured by an instantaneous act of gross negligence and misconduct on his part in attempting to board a moving train, and that the defendant company and its servants were free from all fault or negligence in connection with the accident complained of, and hence there can be no recovery for the resulting injury.

Error to a judgment of the Hustings Court of the city of Portsmouth, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*G. Hatton,* for the plaintiff in error.

*Jeffries & Lawless,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action was brought by defendant in error to recover damages from the plaintiff in error, who was the defendant in the court below, for personal injuries alleged to have been inflicted upon him by the negligence of the defendant.

The specific allegation of the amended declaration is that during a carnival in the city of Portsmouth the defendant, while running a freight train over its tracks along one of the streets of that city, negligently permitted the plaintiff, a boy eight years and four months of age, to attempt to climb and ride upon one of its cars; that while so attempting to climb upon said car, and while riding thereon, plaintiff was by the default, carelessness, recklessness, negligence, willfulness, and improper conduct of the defendant, violently thrown to the ground and under the cars, by means whereof his left leg was so fractured and injured that it had to be amputated.

The jury found a verdict for the plaintiff, and assessed his damages at $6,000, whereupon the defendant submitted a motion for a new trial on the ground that the verdict was contrary to the law and evidence, and for other reasons; but the court overruled the motion, and rendered judgment for the plaintiff, and the defendant excepted.

The view taken by this court is that there was a total failure on the part of the plaintiff to trace actionable negligence to the defendant, and that in no aspect of the case was he entitled to a verdict; and that renders a detailed notice of other assignments of error unnecessary.

All the instructions given by the court were, in one form or another, predicated upon the supposed negligence of the defendant, and, as there was no evidence tending to establish that fact, upon familiar principles the instructions ought not to have been given. A brief statement of the circumstances and uncontroverted facts bearing upon the casualty will show the utter groundlessness of plaintiff's demand.

At the time of the accident a freight train of the defendant, consisting of three box cars, attached to the rear end of the

train—thirteen flat cars and an engine—was being propelled along Crawford street. As the train was passing a "baby stand," around which a crowd had assembled, the plaintiff ran out from the throng, and attempted to catch hold of a cuff or socket (intended to receive a stanchion) on the hindermost flat car, when he slipped and fell between the two rear trucks, one of the wheels of which passed over his leg and inflicted the injury complained of. Fisher, the only witness for the plaintiff who saw the accident, was standing within ten yards of him when he fell. His attention was first directed to plaintiff by observing his arm raised and seeing him fall underneath the car. Witness ran to him at once, and plaintiff drew up the injured leg, and was in the act of stretching out the other leg, when he was drawn from between the wheels. While Fisher's testimony is not very clear, and differs from that of other witnesses in that he expressed the opinion that plaintiff was not attempting to jump on the car when he fell, it involves no question of veracity between them. Considered in the light of other evidence bearing directly upon the accident, it would seem that Fisher observed the plaintiff for the first time after he had failed to grasp the cuff on the flat car, and was in the act of falling. However that may be, his statement that he did not think plaintiff was endeavoring to jump on the car, which was but the expression of an opinion, is opposed to the allegation of the amended declaration, the oft-repeated admissions of the plaintiff, and to all the other evidence in the case upon that point. But, if his version of the occurrence were accepted, it would not affect the result, because, while it tends to exonerate the plaintiff from willful misconduct, it in no wise imputes negligence to the defendant.

The only member of the train's crew who saw the accident was a switchman and brakeman, who was standing on the top of the middle box car. He testified that a number of boys were attempting to get on the train, and that, while a policeman was trying to keep them off on one side, he was similarly engaged

on the other.  He saw the plaintiff jump and attempt to clutch the cuff or socket on the flat car, when he lost his hold and fell.  He also saw some one seize him, and immediately signal the engineer, but failed to attract his attention.  The occurrence was instantaneous, and, after plaintiff's danger became known to the brakeman, it was impossible for him to have averted the accident.

It was likewise in evidence that the plaintiff was an intelligent boy; that he lived on a street along which the railroad was located, and was accustomed to trains, and knew of the danger he incurred in attempting to ride on them.  He had received repeated warning on the subject, and been punished for disregarding them.  A year or two prior to the accident one of the yard conductors, who lived next door to plaintiff, remonstrated with him about riding on these trains, and several days after the accident plaintiff remarked to the physician who attended him that he would not have been hurt if he had heeded the conductor's advice.  He had been ordered off another train of the defendant by a policeman and by one of his own witnesses not more than half an hour before the accident.  Notwithstanding these reiterated admonitions, while the train in question was passing, he endeavored to persuade one of his playmates to go with him and ride on the cars, and, despite the refusal and expostulation of his friend, made the attempt which terminated so disastrously.

It cannot be affirmed of the plaintiff that he did not possess sufficient knowledge and discretion to understand the nature of his act and the peril he was encountering.  But the case does not depend upon the capacity or incapacity of the plaintiff to commit negligence.  The primary question is, has the defendant been guilty of negligence?  And that question, upon the evidence, admits of but one answer.  To sustain the verdict of the jury in this case would present the anomaly of subjecting a defendant wholly free from fault to the payment of damages by

way of compensation for an injury to a plaintiff which was the direct result of his own gross negligence and misconduct.

It was suggested that the defendant was negligent with respect to the length and speed of the train, and in failing to ring the bell. Of that contention, it is sufficient to observe that no such grounds of negligence are alleged in the declaration, and, if alleged and proved, there would have been no causal connection whatever between them and the accident.

For these reasons the lower court erred in overruling the motion of the defendant to set aside the verdict, and for that error its judgment must be reversed, and the case remanded for a new trial.

*Reversed.*