# Richmond.

## Morien v. Norfolk & Atlantic Terminal Company.

### March 24, 1904.

#### Absent, Cardwell, J.

1. New Trial—*Conflict of Evidence—Effect of Verdict.*—Where the issue submitted to a jury is a pure question of fact, and the evidence is conflicting, the verdict of the jury cannot be disturbed unless the evidence is palpably insufficient to sustain it. The trial court cannot set aside a verdict merely because it thinks that there is a preponderance of evidence against it, or doubts its correctness, or would itself have found a different verdict.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*W. L. Hillyer* and *Thomas H. Wilcox,* for the plaintiff in error.

*H. L. Lowenberg,* for defendant in error.

Harrison, J., delivered the opinion of the court.

This action was brought to recover damages for injuries suffered by the plaintiff, which she alleges were caused by the negligence of the defendant company.

At the first trial there was a verdict of $2,000.00 in favor of the plaintiff, which was set aside, and at the second trial no evidence was introduced, and judgment was given for the defendant.

Was it error to set aside the first verdict? This is the sole question presented for our consideration.

The plaintiff was a passenger upon the electric street-cars of the defendant company, and alleges that at her destination, for the purpose of allowing her to get off, the cars stopped, and that while she was in the act of alighting, the car was violently and suddenly started, whereby she was thrown, with great force and violence, to the ground, thereby sustaining the injuries complained of.

The contention of the defendant company is, that the injury sustained by the plaintiff was the result of her own negligence in alighting from the car while it was in motion and slowing down to stop. The clearly defined issue of fact, therefore, submitted to the jury was, had the car stopped, or was it still moving when the plaintiff attempted to alight?

The evidence, on behalf of the plaintiff, if the jury believed it, fully sustained her contention that the car had stopped, and the evidence of the defendant was ample, if the jury believed that, to sustain its contention that the car was still in motion when the plaintiff attempted to alight. The jury accepted as true the evidence on behalf of the plaintiff, and returned a verdict in accordance therewith.

This court has so frequently and so recently dealt with the power of courts to disturb the verdicts of juries, where the issue determined was a pure question of fact, that it is wholly unnecessary to again elaborate the subject. In such a case the preponderance of evidence cannot influence the action of the court in considering a motion for a new trial. The jury may discard the preponderance of evidence as unworthy of credence,

and accept the evidence of a single witness upon which to base their verdict, and upon well-settled principles the verdict cannot be disturbed if the evidence of that witness is sufficient, standing alone, to sustain it.   Under repeated decisions of this court, the verdict of a jury cannot be set aside, unless there is a palpable insufficiency of evidence to sustain it.   Nor is interference with a verdict authorized where the court merely doubts its correctness, or would, itself have found a different verdict.   The admissibility of evidence is with the court, but its weight is wholly with the jury.   *Kimball & Fink* v. *Friend,* 95 Va. 125, 143, 27 S. E. 901; *Reusens* v. *Lawson,* 96 Va. 285, 31 S. E. 528; *Marshall* v. *Valley R. R. Co.,* 99 Va. 798, 34 S. E. 455.

In the light of these well-established principles, we are of opinion that it was error to set aside the verdict found by the jury on the first trial.   The judgment complained of must, therefore, be reversed, and judgment entered here in favor of the plaintiff in error, in accordance with the first verdict found by the jury.

*Reversed.*