## Wytheville.

ATLANTIC COAST LINE RAILROAD COMPANY v. WATKINS.

June 15, 1905.

Absent, Cardwell, J.

1. RAILROADS —*Communicated Fires—Burden of Proof.*—If the engines of a railroad company are equipped with the best spark arresters in known practical use, and they are in good order, and the engines are operated by competent and experienced servants, the company is not liable in damages for fires set by sparks from its engines at places off its right of way. If, under these conditions, it is sought to charge the company with liability for a fire communicated from its right of way, which was foul—this constituting negligence on its part—the burden is on the plaintiff to show affirmatively that the fire originated on the company's right of way. It is not sufficient to show a probability of that fact. Unless that fact is established there is no proof of negligence on the part of the company, and hence there can be no recovery against it. There is no presumption as to where such a fire starts.

2. APPEAL AND ERROR— *Verdicts—Insufficient Evidence to Support.*—Although cases at law are heard in this court as upon a demurrer to evidence by the plaintiff in error, this court will not hesitate to set aside the verdict of a jury if satisfied that the evidence is plainly insufficient to support it.

Error to a judgment of the Circuit Court of Chesterfield county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*George B. Elliott,* for the plaintiff in error.

*J. M. Gregory* and *C. S. Sands,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

This writ of error brings up for review a judgment in behalf of the defendant in error against the plaintiff in error in an action to recover damages for injury to the land and timber of the former, alleged to have been occasioned by fire which originated on the right of way of the plaintiff in error.

While it is conceded that the fire was caused by sparks emitted by one of the defendant's locomotives, it appears that the engine was equipped with the best mechanical appliance in known and practical use for preventing the escape of sparks. It also appears that the engine was in good repair, and in charge of a competent and experienced locomotive engineer. Therefore the defendant was not neglectful of any of its obligations to the public in those particulars. *Tyler* v. *Ricamore,* 87 Va. 466, 12 S. E. 799; *Patteson* v. *C. & O. Ry. Co.,* 94 Va. 16, 26 S. E. 393; *N. & W. Ry. Co.* v. *Perrow,* 101 Va. 345, 43 S. E. 614.

The remaining duty of a railroad company, in that connection, is to keep its right of way clear of combustible materials liable to ignition by sparks or coals of fire discharged from passing engines and to communicate fire to the property of others. *N. Y. P. & N. Ry. Co.* v. *Thomas,* 92 Va. 606, 24 S. E. 264; *Tutwiler* v. *C. & O. Ry. Co.,* 95 Va. 443, 28 S. E. 597. As a general rule, subject, of course, to exceptions in particular cases, where these responsibilities have been complied with, a railroad company fulfils its duty, and is not liable in damages for the escape of fire. *White* v. *N. Y. P. & N. Ry. Co.,* 99 Va. 357, 38 S. E. 180; *C. & O. Ry. Co.* v. *Heath,* 103 Va. 64, 48 S. E. 508.

The specific ground of negligence relied on to sustain the verdict and judgment under review is the allegation that the fire originated in dry swamp-grass on the defendant's right of way, and was communicated thence to the wood-land of the plaintiff—and that is the sole question presented by the record for decision.

In approaching the consideration of that question, the court is mindful of the rule that the case is before it as upon a demurrer to the evidence, and that the inquiry touching the negligent starting or communication of fire to the plaintiff's property involves an issue of fact for the determination of the jury, and that an appellate court may not reverse a judgment founded thereon unless there has been a plain deviation from the evidence.    But the converse of the proposition is equally true, that the court will not hesitate to set aside the verdict if it is satisfied that the evidence is plainly insufficient to support it.    *Kimball & Fink* v. *Friend,* 95 Va. 125, 27 S. E. 901; *Reusens* v. *Lawson,* 96 Va. 285, 31 S. E. 528; *Marshall's Admr.* v. *Valley Ry. Co.,* 99 Va. 978, 34 S. E. 455; *Morien* v. *N., &c., Terminal Co.,* 102 Va. 622, 46 S. E. 907; *Seaboard, &c., Ry. Co.* v. *Hickey,* 102 Va. 394, 46 S. E. 392; *Moore Lime Co.* v. *Johnston's Admr.,* 103 Va. 84, 48 S. E. 557.

The burden of proof rests upon the plaintiff to show that the fire began on the right of way, for, unless that fact be established, the alleged negligence of the railroad company in suffering combustible matter to accumulate on its right of way was not the efficient and proximate cause of the accident.

Notwithstanding the evidence justifies the primary presumption that the fire started from a spark or coal of fire from the defendant's engine, it does not necessarily follow, and cannot be inferred from that circumstance alone, that it originated on the right of way.    The case then presents two hypotheses of equal probability—the one, that the fire started on the right of way, in which event the railroad company would be liable; the other, that it started off the right of way, in which event the company would not be liable.    It is incumbent on the plaintiff, therefore, in order to warrant a recovery, to establish the truth of the first hypothesis.

"It is  .  .  .  well settled that when damages are claimed for injuries inflicted through the alleged negligence of the defendant, not only is the burden of showing negligence by a

preponderance of the evidence upon the plaintiff, but if the injury may have resulted from one of two causes, for one of which the defendant is responsible, but not for the other, the plaintiff cannot recover; neither can he recover if it was just as probable that the damage was caused by the one as by the other." *C. & O. Ry. Co.* v. *Heath, supra; N. & W. Ry. Co.* v. *Pool's Admr.,* 100 Va. 148, 40 S. E. 627; *Northington* v. *Ry. & Light Co.,* 102 Va. 446, 46 S. E. 475.

There is no direct evidence that the fire started on the right of way, and (independently of the positive evidence of the defendant that it started off the right of way) the circumstances tend to sustain the contrary theory.

The evidence on behalf of the plaintiff may be summarized as follows: On the morning of April 27, 1903, at about 11 o'clock, a short time after a passenger train had passed over the defendant's track, going from Petersburg to Richmond, the plaintiff discovered smoke rising in the woods in the direction of "Phillips' crossing" on the railroad. The railroad is more than a mile from plaintiff's residence, and he paid no particular attention to the fire at that time; but afterward, about 3 o'clock in the afternoon, he observed that the wind, which was blowing from the direction of the railroad, was driving the fire towards his premises, and rode over to investigate it. Thereupon he ascertained that the burnt district terminated along an irregular course, extending some distance on the line of the railroad, and in several places three or four feet upon the right of way. A week later the plaintiff, accompanied by a witness, visited the scene of the fire and determined the distance from the center of the track to the inner margin of the burnt area to be 30 feet, extending along a zig-zag line for about 250 feet. The witness also stated, what is matter of common observation, that a forest fire will "eat back against the wind"; and neither he nor the plaintiff could say at what point the fire started. The zig-zag line referred to, if broken, might have indicated that fires were set out separately and independently of each other, but it was continuous, a circumstance which rather conduces to the theory that the fire crept back against the wind.

But however that may have been, it was incumbent on the plaintiff to solve the doubt, for, as recently remarked by this court, "The party who affirms negligence must establish it by proof sufficient to satisfy reasonable and well-balanced minds. The evidence must show more than a probability of a negligent act.   An inference cannot be drawn from a presumption, but must be founded upon some fact legally established.   This court has repeatedly held that when liability depends upon carelessness or fault of a person, or his agents, the right of recovery depends upon the same being shown by competent evidence, and it is incumbent upon such a plaintiff to furnish evidence to show how and why the accident occurred—some fact or facts by which it can be determined by the jury, and not be left entirely to conjecture, guess, or random judgment, without a single known fact."   *C. & O.* v. *Heath, supra.*

But the case does not depend entirely upon the plaintiff's evidence.   The defendant introduced a witness who testified positively that he discovered the fire within a few minutes after the 11 o'clock train had passed "Phillips' crossing," and it was burning two or three yards outside the right of way.   It is true the plaintiff undertook to contradict this witness, but his alleged discrepancies of statement left unimpaired the explicit declaration that the fire started off the right of way.

It thus appears that the evidence, as a whole, is plainly insufficient to sustain the verdict, and the lower court erred in overruling the defendant's motion to set it aside, for which error its judgment must be reversed and the case remanded for a new trial.

*Reversed.*