# Wytheville.

## THOMPSON v. NORFOLK AND PORTSMOUTH TRACTION CO.

### June 10, 1909.

1. APPEAL AND ERROR—*Verdicts—Conflicting Testimony—New Trial in Trial Court—Demurrer to Evidence.*—The verdict of a jury is entitled to great respect and should not be set aside, even by the trial court, unless plainly against the weight of the evidence. The jury are the judges of the credibility of the witnesses, and where there is serious conflict of evidence on a material point, the judgment of the trial court setting aside the verdict will be reversed by this court on writ of error, and final judgment entered upon the verdict. To warrant a new trial where the evidence is conflicting, the evidence must be insufficient to sustain the finding of the jury. In considering such a case on a writ of error, it is not heard as upon a demurrer to the evidence.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Edward R. Baird, Jr.,* for the plaintiff in error.

*W. H. Venable, H. W. Anderson* and *J. R. Tucker,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Mrs. Virginia D. Thompson brought suit in the Court of Law and Chancery of the city of Norfolk to recover damages

for injuries received by reason of the negligence of the Norfolk and Portsmouth Traction Company.    Upon the trial the jury found a verdict in her favor of $3,000, which the court set aside, and at a subsequent trial, neither party offering any testimony, a judgment was entered for the defendant.    The record of the first trial is preserved by proper bills of exceptions, and the case is before us upon a writ of error.

Mrs. Thompson was a passenger on a car of the Norfolk and Portsmouth Traction Company, and her account of the occurrence is that she rang the bell to stop the car, intending to alight at Madison street, but her signal was not obeyed, and she waived her hand to the conductor, and the car was brought to a standstill.    She arose from her seat while the car was in motion and had gotten to the door when the car stopped, and she then stepped upon the platform.    There was at the time no one upon the platform but herself and the conductor.    Her statement of what then occurred is as follows: "I was holding on to the rail that goes down from the car, and I had hold of this with my right·hand, and in attempting to alight from the car on the street, I had one foot—say the platform is here, in attempting to put the other foot on the street the car threw me suddenly, and it broke this arm, but I did not know it was hurt."    She then goes on to describe with more particularity the injuries which she received, with respect to which it is sufficient to say, that they were of such a character that we are unable to say that the verdict was excessive in amount.

Her statement is corroborated by the testimony of her granddaughter, a child ten years of age, but who was not objected to as a witness.    Mr. and Mrs. Childress also testify that they saw Mrs. Thompson come out on the end of the car; that she had hold of the railing and was about to step off, and just before she got her other foot upon the ground the car started and threw her.

Five disinterested witnesses, who were passengers upon the car at the time of the accident, testify in behalf of the de-

fendant company. Their testimony is in conflict with that of the plaintiff in error.

There was no exception taken to the instructions given by the court to the jury. The question for decision, therefore, is purely one of fact.

It is true that the case does not come before us as upon a demurrer to evidence; and that, as was said by this court in *Chapman* v. *Virginia Real Estate Company,* 96 Va. 188, 31 S. E. 74, when the judge who presided at the trial is dissatisfied with the verdict and grants a new trial, some latitude must be allowed to his discretion. It is also true, as was said in *Marshall* v. *Valley R. Co.,* 97 Va. 654, 34 S. E. 455, while approving *Chapman* v. *Va. Real Estate Co., supra,* that "the verdict of a jury, however, is entitled to great respect, and should not be disturbed, even by the trial court, unless plainly against the weight of the evidence."

This case seems to be very similar to that of *Morien* v. *Norfolk & Atlantic Terminal Co.,* 102 Va. 622, 46 S. E. 907, in which Judge Harrison says: "The contention of the defendant company is that the injury sustained by the plaintiff was the result of her own negligence in alighting from the car while it was in motion and slowing down to stop. The clearly defined issue of fact, therefore, submitted to the jury was, had the car stopped, or was it still moving when the plaintiff attempted to alight? The evidence on behalf of the plaintiff, if the jury believed it, fully sustained her contention that the car had stopped, and the evidence of the defendant was ample, if the jury believed that, to sustain its contention that the car was still in motion when the plaintiff attempted to alight. The jury accepted as true the evidence on behalf of the plaintiff, and returned a verdict in accordance therewith."

In *Virginia Fire & Marine Ins. Co.* v. *Hogue,* 105 Va. 355, 54 S. E. 8, Judge Cardwell, speaking for the court, says: "There is nothing better settled in this jurisdiction than that the credibility of witnesses and the weight to be given to their

evidence in a particular case are properly to be determined by the jury. * * * The mere fact that the court doubts the correctness of the verdict, or if on the jury would have rendered a different verdict, will not be sufficient to justify setting aside the verdict found by the jury. To warrant a new trial in cases where the evidence is conflicting, the evidence must be insufficient to warrant the finding of the jury."

We are of opinion that the judgment of the court of law and chancery should be reversed, and this court will proceed to enter a judgment in accordance with this opinion.

*Reversed.*