## CIRCUIT COURT OF FAUQUIER COUNTY

Donald C. Marro

    v.

Mastec IIS, Inc.

March 12, 2004

Case No. (Law) CL03-384

BY JUDGE JEFFREY W. PARKER

This Court presently has the above styled case under advisement. This case was most recently scheduled for a hearing on March 4, 2004, for the receipt of evidence to support an award of damages subsequently to a finding of default against the Defendant. Mr. Marro filed this action against the Defendant seeking damages due to the negligent cutting of trees on his property. The Plaintiff filed his action containing three Counts consisting of Tortious Breach of Duty, Negligence, and Vandalism. After the entry of Default Judgment, Mr. Marro filed with the Court a "declaration in support of damages" in which he indicated that one tree was a total loss while a second tree was a partial loss. Both trees were willow trees with an estimated diameter of twenty inches. In the declaration in support of damages, Mr. Marro attached certain receipts for cleanup and his own labor. In addition, he represented that it would cost $10,000.00 to replace each tree and that, as a result, damages should be awarded in that amount.

At the hearing on March 4th, the Court indicated to Mr. Marro (no one from Mastec appeared) that it did not believe that replacement costs as set forth in the declaration were the appropriate measure of value. The Court indicated to the Plaintiff that at his option the trees could be valued on "the stump" if he had such evidence or, in the alternative, the depreciated value of the real estate could be submitted as a result of the loss of the trees or the monetary value of the lumber.

Mr. Marro indicated that it was his belief that replacement costs were the appropriate measure and that he would submit case authority for that position.

2

The Court advised Mr. Marro that, if he relied simply on the evidence presented and the Court did not agree with his authorities, he ran the risk of not obtaining any recovery for the value of the trees. The Court did indicate that it would enter judgment for amounts he paid to others for efforts to restore the trees and to clean up the property. This figure came to a total of $338.00.

The Plaintiff asked the Court to take this case under advisement and to receive the additional authorities. These amounts were received on that same date together with a letter by Mr. Marro further indicating that "as an expert on the value of my own property, the damages were $20,000.00."

The Court is now in a position to decide this matter.

The Court has reviewed the cases submitted of *Norfolk & W. R. Co. v. Bohannon*, 85 Va. 293 (1888), and *Honaker Lumber Co. v. Kiser*, 134 Va. 50 (1922). After the Court's review of these decisions, the Court more than ever holds to the belief that its previous opinion stated from the Bench is the correct statement of the law. In *Norfolk v. W. R. Co.*, the Court stated on this issue the following:

> Nor did the Court err in refusing the second instruction asked by the Defendant. This instruction stated that the measure of the damage sustained by the Plaintiff was "the cost of *replacing* the *trees* the first proper season for planting after the burning. ... This instruction is obviously faulty. . . .

85 Va. 293 at 297 (emphasis added).

The Court in the *Honaker* case stated on this issue:

> When a thing, whether it be a building, a tree, or a shrub, is destroyed by a wrongdoer, the most natural and best measure of the damage is the value of the thing destroyed as an appurtenant to, or part of, the realty; and ordinarily the value of the thing destroyed would be the measure of the injury to the freeholder.

134 Va. at 58.

The Court in *Honaker* further stated that "the most accurate way to measure the damages sustained by the Plaintiff was to ascertain the value of the land immediately before the Defendant began to cut the timber and immediately after it completed the cutting of the same." *Id.*

It appears to the Court that it is no coincidence that the value set forth by the Plaintiff for his property in the supplemental letter is equal to the calculation of the alleged replacement costs submitted in the Declaration of Support of Damages.

It would also be important for the Court to know how this property valuation was calculated in order for it to have any probative value.

While clearly an owner may testify as to value, "it is universally recognized that opinion testimony of nonexperts who have *sufficient* knowledge of the value of the property in question or have had *ample opportunity* for forming a correct opinion as to it, is admissible." *Haynes, Executrix v. Glenn*, 197 Va. 746, 750 (1956) (emphasis added).

There is nothing in the Statement of Value set forth by the Plaintiff that would give this Court reason to believe that the Plaintiff has sufficient knowledge or ample opportunity for forming an opinion as to the reduction in value of the real estate, the value of the timber cut, or the stump value of the trees on the property. The only valuation submitted was the alleged replacement costs which were an interpolated figure based upon hearsay.

This testimony does not give the Court sufficient confidence to believe that the value of the trees was close to the amount submitted.

While the evidence may be admissible and relevant, the weight the Court attaches to this evidence is too minimal to support the sum claimed by the Plaintiff in proportion to the loss sustained.

Therefore, the Court will only award the sum of $338.00 plus costs.